# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KRISTINA L. HOLE,**

        Plaintiff,

        v.                              Case No. 06-C-1213

**US CELLULAR,**

        Defendant.

## ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

On November 21, 2006, Kristina L. Hole ("Hole") filed a complaint against US Cellular Corporation ("USCC") alleging that USC violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000 et. seq., when Hole was reprimanded and eventually terminated from her employment with USCC because of her race.

Rather than filing an answer, on January 8, 2007, USCC filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) on the basis that venue is not proper in the Eastern District of Wisconsin. Additionally, the defendants seek costs and attorneys fees pursuant to 28 U.S.C. § 1927. The pleadings on the defendant's motion are now closed and the matter is ready for resolution.

## ANALYSIS

In her complaint Hole alleges that venue is proper in this district under 28 U.S.C. § 1391 based upon the fact the USCC is a corporation operating within this district "and the unlawful actions of a corporation subject the corporation to venue in any district in which the corporation

would be subject to personal jurisdiction at the time of this action." (Compl. ¶3.) USCC in its motion to dismiss points out that Title VII of the Civil Rights Act contains its own exclusive venue provision, codified at 42 U.S.C. § 2000e-5(f)(3). Title VII permits actions to be filed in

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Once a defendant has sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears to burden of demonstrating the venue is proper. Estate of Moore v. Dixon, 460 F. Supp. 2d 931, - - -, (E.D. Wis. 2006) (citing Interlease Aviation Investors v. Vanguard Airlines, Inc., 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003)). "In deciding a motion to dismiss, the court must accept all undenied factual allegations and resolve all factual disputes in favor of the party seeking to establish jurisdiction." Saylor v. Dyniewski, 836 F.2d 341, 342 (7th Cir. 1988) (citing Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209 (7th Cir. 1984))." In deciding a motion to dismiss pursuant to Rule 12(b)(3), the court may consider evidence outside of the complaint. Rotec Indus. v. Aecon Group, Inc., 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006) (citing Turnock v. Cope, 816 F.2d 332. 333 (7th Cir. 1987); Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005)).

Turning first to the complaint, all of the relevant operative facts contained within the complaint, set forth in paragraphs nine through seventeen, occurred in Bolingbrook, Illinois. The complaint is devoid of any facts which would render venue proper in this district. Nowhere in the complaint does Hole discuss the prospect of eventually transferring to any other USCC facility.

The plaintiff has subsequently attempted to provide additional facts in an affidavit included with her response. Hole alleges that but for the alleged unlawful employment practice, Hole would

2

have worked in this district. Specifically, Hole alleges that she requested a transfer to Wisconsin prior to being disciplined while working in the Bolingbrook, Illinois facility and absent her discipline and eventual termination, she would have been eligible to return to Wisconsin when a position became available. Plaintiff's additional factual allegations contained within an affidavit submitted along with her response, do not represent the gravaman of the cause of action set forth in her complaint. The adverse employment action of which she complains, and which was contained in her charge of discrimination, is termination and not discriminatory discipline. However, even considering these additional factual allegations, they are insufficient to establish venue in this district.

Under the facts of this case, the Eastern District of Wisconsin is not the appropriate venue for this action under any of the four scenarios set forth above. Hole presently resides in this district and did so while employed by USCC. However, although Hole previously worked for USCC at its facility in Waukesha, Wisconsin, the unlawful employment practice is alleged to have been committed at USCC's facility in Bolingbrook, Illinois. The records relating to USCC's alleged unlawful conduct are located either at USCC's Bolingbrook, Illinois facility or at its corporate headquarters in Chicago, Illinois. (Aff. of Erika Madison Williams, ¶5.)

The alleged basis for venue in this district rests entirely upon plaintiff's speculation. Hole's only claim is for wrongful termination; she makes no claim that she was denied a transfer on account of her race. Thus, but for the allegedly illegal employment action, Hole would have worked in Bolingbrook, Illinois. Hole's effort to ground venue in speculation has been rejected by other district courts within the Seventh Circuit in factually similar circumstances.

In Gwin v. Reynolds & Reynolds Co., 2001 WL 775969 (N.D. Ill. 2001) the district court held that venue proper in the Southern District of Ohio despite the plaintiff's claim that "he had expressed interest in positions for the computer division" which was at least in part located in

3

Chicago. Id. at *2. The court rejected the plaintiff's argument because, like here, the plaintiff failed to demonstrate that he had applied for any such positions and was rejected as a result of the defendant's allegedly illegal conduct. Id. Thus, it was only the plaintiff's "hypothetical interest" that related the case to the district in which he filed suit.

Similarly, in McCarthy v. KFC Corp., 1984 WL 1048 (N.D. Ill. 1984), the court referred to a plaintiff's efforts to establish venue in the Northern District of Illinois on the basis that but for the alleged illegal conduct she would have left the employ of the defendant and found a different job in Chicago to be "at best exceedingly strained, and border[ing] on absurdity." Id. at *2.

Hole does not allege that there was a specific position available in USCC's Waukesha facility that she was denied because of the alleged illegal discipline but merely speculates that she would have transferred if a position had become available. Additionally, Hole alleges that prior to any discipline she "made it clear" to her supervisor that she wanted to return to Wisconsin as soon as possible. (Hole Aff. ¶13.) There is no indication or allegation that Hole formally requested a transfer or that a transfer would have occurred but for the discipline. Rather, based upon the facts included in Hole's complaint and the affidavit of Erik Madison Williams, Associate Relations Manager for USCC's facility in Bolingbrook, Illinois, it is clear that but for Hole's allegedly illegal termination, Hole would have worked at USCC's facility in Bolingbrook, Illinois. (Aff. of Erika Madison Williams, ¶6.)

Having concluded that this matter is not properly venued in this district, this court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Hole requests that this court transfer this matter to the Northern District of Illinois.

The court believes that transferring this matter, as opposed to dismissing it, serves the interests of justice and is a more effective and efficient application of judicial resources. The

4

unlawful employment practice is alleged to have been committed in Bolingbrook, Illinois. The employment records relevant to this action are maintained and administered is located in either Bolingbrook or Chicago, Illinois. Finally, but for Hole's allegedly illegal termination, Hole would have worked in Bolingbrook, Illinois. (Aff. of Erika Madison Williams, ¶6.) Chicago is located in Cook County, Illinois and Bolingbrook is located in DuPage County. Therefore, under any of the first three grounds for venue set forth in 42 U.S.C. § 2000e-5(f)(3), venue is proper in the Northern District of Illinois, Eastern Division. See 28 U.S.C. § 93(a). Thus, this matter shall be transferred to Northern District of Illinois, Eastern Division.

As for the defendant's motion for costs and attorney's fees pursuant to 28 U.S.C. § 1927, the court shall deny the defendant's motion. 28 U.S.C. § 1927 permits, but does not require, a court to hold an attorney liable for excessive costs, expenses, and attorney's fees incurred when the attorney "unreasonably and vexatiously" "multiplies the proceedings in any case."

Counsel for the plaintiff has unreasonably multiplied the proceedings in this case by ignoring Title VII's venue provision and improperly filing this action in this district. However, there is no indication that it was with vexatious intent that Hole's attorney filed the complaint in this district. Therefore, it is not appropriate under 28 U.S.C. § 1927 for this court to award costs and attorneys fees to the defendant.

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1406(a), the clerk shall transfer this action to the Northern District of Illinois, Eastern Division.

**IT IS FURTHER ORDERED** that the defendant's motion for costs and attorney's fees is **denied**.

Dated at Milwaukee, Wisconsin this 13th day of February, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

5
Case 2:06-cv-01213-AEG   Filed 02/13/07   Page 5 of 5   Document 14